**Mildred E. BERL, Petitioner,**

v.

**BOARD OF PSYCHOLOGIST EXAMINERS
of the District of Columbia, Respondent.**

**No. 7850.**

District of Columbia Court of Appeals.

Argued May 30, 1974.

Decided July 3, 1974.

Edward L. Merrigan, Washington, D. C., for petitioner.

Earl A. Gershenow, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before NEBEKER and HARRIS, Associate Judges, and BELSON,* Associate Judge, Superior Court of the District of Columbia.

NEBEKER, Associate Judge:

Petitioner, conceded by respondent to be a "competent psychologist", seeks reversal of an order of the Board of Psychologist Examiners (the Board) denying her a license to continue to practice that profession. She asserts that by virtue of her acquired experience and academic accomplishments she was qualified at the time licensure became required by the new Act.[1] After oral argument respondent Board moved to remand the cause to permit vacation of the order denying petitioner a license to practice psychology under D.C. Code 1973, § 2–487, and to "make findings

---

\* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

1. The Practice of Psychology Act, Pub.L. No. 91–657, Jan. 8, 1971, 84 Stat. 1956 (D.C.Code 1973, § 2–481 et seq.).

of fact and conclusions of law in support of a new order". The motion asserts that there is a particular necessity to make adequate findings respecting university courses as to which respondent granted or denied credit toward licensure. It is, as petitioner asserts, inferable from the motion to remand that the respondent Board has again determined not to grant a license to petitioner and that it intends simply to set forth more particularly its reasons for denial of licensure. The motion asks this court to retain jurisdiction. Since a question of fundamental importance is now presented, and will no doubt be before the Board on remand and may arise on any subsequent review of the Board's action respecting petitioner, we grant the motion to remand in the context of the following holding.

The Act in question (*see* note 1, *supra*) became effective on April 8, 1971. For the first time, the practice of psychology was required to be licensed here. Section 2–487' of the Act provides in pertinent part:

Within one year from and after the effective date of this subchapter, a license shall be issued without examination to any applicant who is of good moral character . . . and who holds—

(A) a doctoral degree in psychology from an accredited college or university or other doctoral degree acceptance to the Commissioner, and has completed at least two years of post-graduate experience not including terms of internship; or

(B) a master's degree in psychology from an accredited college or university, and has engaged in psychological practice acceptable to the Commissioner for at least seven years after the attainment of his highest degree.

We are advised that about one month before denying petitioner's application for a license, the Board adopted an interpretative policy whereby the statutory term "master's degree in psychology" is to mean a master's degree awarded pursuant to completion of a curriculum in which at least twenty-four (24) semester hours shall have been psychology courses beyond the baccalaureate level. The academic area in which the psychology courses were deemed creditable was limited to thirty-eight categories (*e. g.,* "Abnormal Psychology"; "Educational Psychology"; "Mental Health"; "Vocational Psychology"), and "Other—as defined by the Board". A further policy restricting creditable courses provided that all but six credit hours had to be in courses in a "single department, division or school of a college or university".

█ It appears that in requiring the degree to include at least twenty-four (24) semester hours in psychology courses beyond the undergraduate level, the Board wisely has rejected an interpretation which would give absolute deference to whether a particular college or university labeled the master's degree as one in "psychology". Obviously, such institutions in years past may not have so styled an emphasis in this area of study, particularly since licensure of this art is of recent vintage. Clearly, it was reasonable that the language used in section 2–487 not be deemed so narrow, given the variety of possible nomenclature over the past years and the inability of students and institutions to anticipate a future need for treating psychology as a separate field of study. In this case, petitioner's degree is styled: "Master of Arts" in the field of "Education".

█ The vice of a too-narrow interpretation, giving absolute sway to curriculum administration and course titles, is present, however, in the caveat to the Board's policy that courses otherwise creditable must, except for six credit hours, be taken in a single department, division or school of a college or university. This case is a good example of one in which such a policy might work an irrational hardship on an applicant irrespective of the substance of

the courses taken. The various courses for which credit is sought were administratively offered in various departments of the degree-issuing university. Most courses by name in the discipline of psychology were taught in the Department of Education. However, others, for which credit is claimed, appear to have been taught in other departments. We hold that, consistent with its statutory interpretation—and looking to the substance, not the form of the master's degree—the Board must also look to the substance of the courses for which credit is sought and not the arbitrary happenstance of how the university organized its academic departments.

The Board has also refused to credit courses taken by petitioner subsequent to the award of her master's degree and for which she claims credit as "psychology courses". This refusal appears to be based on its interpretative policy which requires that at least twenty-four (24) semester hours in psychology shall have been taken "pursuant to completion of a curriculum" culminating in the award of a master's degree. We are unaware why the Board deems this interpretation of section 2–487, *supra,* to be necessary to achieve the legislative purpose of protecting "public health, safety, and welfare" from "the practice of psychology by unqualified persons". *See* D.C.Code 1973, § 2–481. We do not pass on this question now, for if on remand in light of this opinion the Board finds it necessary to consider the question of crediting post-master's degree courses and denies such credit, it will have an opportunity to set forth its reasons for this policy. We observe that Congress did not appear to be concerned with the timing of academic background and if such is deemed by the Board to be controlling, it should set forth its reasoning why that timing affects professional qualifications.

Respondent's motion to remand is granted to the extent that the record of the proceedings below is remanded and the order on review is vacated. The record is remanded with directions promptly to con-

duct further proceedings not inconsistent herewith. This court retains jurisdiction over the case. However, in the event the Board determines to grant petitioner a license, it shall have authority so to do and shall so notify the Clerk. In the event the Board denies licensure, it shall cause the record promptly to be returned, as supplemented, to this court for further review.

So ordered.